**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Caifa Jiang,<br><br>Plaintiff,<br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>Defendants. | Civil Action No. 24-cv-11454<br><br>Judge Jeffrey I. Cummings<br><br>Magistrate Judge Heather K. McShain |

**JOINT STATUS REPORT**

Plaintiff Caifa Jiang and Defendants submit this Joint Status Report pursuant to the Court's July 15, 2026 Order (ECF 67), which directed the parties to provide a further update concerning the discovery disputes identified in their prior Joint Status Report (ECF 66), any anticipated motion practice concerning the nonparty subpoena, and whether fact discovery is complete. The parties set forth their respective positions below.

**Plaintiff's Statement**

Plaintiff's discovery concerns regarding Defendants' purchasing contracts remain unresolved. As described in the parties' July 13, 2026 Joint Status Report (ECF 66), Plaintiff sought additional discovery concerning the authenticity of contracts Defendants produced to substantiate their claimed costs of the accused products.

Following that report, Defendants' counsel confirmed in a July 15, 2026 email that Defendants would produce the purchasing contracts and make the original paper contracts available for inspection. Counsel further represented that he had requested that Defendants mail

the originals and would provide an update regarding timing. As of September 14, 2026, Defendants have not delivered the promised contracts.

Accordingly, Plaintiff cannot confirm that this aspect of fact discovery is complete. Plaintiff will attempt to resolve this issue with the Defendants. However, if the parties cannot resolve it on their own, Plaintiff will seek the Court's assistance in resolving this outstanding production issue and setting a firm deadline for Defendants to produce the promised contracts and make the original paper contracts available for inspection.

**Defendants' Statement:**

Fact discovery closed on July 30, 2026 — more than a month and a half ago — and the Court declined to extend that deadline. Although each side has identified perceived deficiencies in the other's production, neither party moved to compel before the close of discovery. The parties have since served their opening expert reports and are about to exchange rebuttal reports. In these circumstances, reopening fact discovery is neither necessary nor appropriate, and Defendants do not seek it.

The pending motion does not change this. Defendants' Motion for Leave to File an Amended Counterclaim and to Join Shenzhen Dabaiyang Electronics Co., Ltd. does not alter the substance of any patent claim or defense and does not bear on the parties' completed merits discovery. It seeks only to add Shenzhen Dabaiyang — the company Plaintiff wholly owns and through which he operated — as an additional counterclaim defendant, an issue that goes to damages: if Plaintiff's bad faith is established, relief may be sought against that wholly-owned entity as well as against Plaintiff. That limited amendment is no basis to keep general fact discovery open.

*Defendants' purchasing contracts.* No outstanding production issue rests with Defendants. Defendants have already produced the purchasing contracts responsive to Plaintiff's requests, including through their supplemental production and responses. The documents Plaintiff characterizes as "scanned copies" were produced in the form in which they are ordinarily maintained, together with their metadata — that is the original electronic form in which the documents exist. Defendants further agreed to make the paper copy available for inspection and have undertaken to have them brought to the United States for that purpose. Defendants are unsure what Plaintiff hopes to accomplish by inspecting a printout of an electronically generated copy of the contract, as Plaintiff already has the electronic PDF reflecting the exact same information.

*Plaintiff's own production, by contrast, remains deficient.* Defendants raised the following deficiencies in writing on July 16, 2026, and they remain unresolved:

1. *Photographs and screenshots in lieu of native files.* Plaintiff's recent production (CFJ004104–004131) was made entirely as photographs and screenshots. Defendants are entitled to the native electronic files behind them — including the underlying WeChat data and the original design files with their metadata — as Defendants demanded on the record at Mr. Jiang's deposition. Plaintiff has not produced these materials in native form.
2. *Incomplete WeChat records.* The WeChat material is incomplete on its face. The screenshots (e.g., CFJ004119–004120, CFJ004121–004126, and CFJ004127–004131) themselves reference voice messages, calls, and attachments that were never produced.
3. *Documents that cannot be reconciled with Mr. Jiang's sworn testimony.* At his April 26, 2026 deposition, Mr. Jiang testified that any license he granted was oral, that he could not locate a single written agreement, and that his dealings with the manufacturer were

conducted face-to-face, with no WeChat, email, or other message records. Plaintiff has since produced multiple written patent-authorization agreements (CFJ004104–004118) and WeChat exchanges with the factory (CFJ004119–004120 and CFJ004127–004131) — directly contrary to that testimony. Of particular concern, CFJ004104 is styled as a "supplemental agreement" dated April 30, 2026 — four days after Mr. Jiang's deposition — yet purports to take effect in 2021. Defendants are entitled to the native files and metadata for these documents to test their authenticity and dates of creation, and to an explanation for the post-deposition agreement.

4. *Items demanded at deposition and still outstanding.* Two categories of documents Defendants demanded on the record at the deposition remain unproduced: (a) the agreement transferring the Chinese design patent from Ms. Wang Ping to Mr. Jiang; and (b) the complete communications between Mr. Jiang and his manufacturers.

*Any relief should be even-handed.* Consistent with the closed record and the absence of any timely motion to compel by either side, Defendants do not ask the Court to reopen discovery. Should the Court nevertheless be inclined to grant Plaintiff's request and set a deadline for Defendants to make any further production, fundamental fairness requires that Defendants be afforded the same opportunity — a reciprocal deadline for Plaintiff to cure the deficiencies identified above, including the native WeChat and design files with metadata, the complete WeChat records, the Wang Ping–to–Mr. Jiang transfer agreement, and Mr. Jiang's complete manufacturer communications. Absent such even-handed relief, these matters go to the weight, admissibility, and credibility of the evidence and are properly resolved on summary judgment and through cross-examination at trial.

Respectfully submitted,

Date: September 14, 2026

By: /s/ Xiyan Zhang
Xiyan Zhang
Email: xzhang@stratumlaw.com
Pete Wolfgram
Email: pwolfgram@stratumlaw.com
Stratum Law LLC
18 Campus Blvd. Ste. 100
Newtown Square, PA 19073
Telephone: 215-395-8756
*Attorney for Plaintiff*

By: /s/Ruoting Men
Ruoting Men
Glacier Law LLP
Ruoting.men@glacier.law
41 Madison Ave, Suite 2529
New York, NY 10010
212-729-5049
*Attorney for Defendants*